```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOSEPH A. BROWN,                  :
                                  :
         Plaintiff                :   CIVIL NO. 1:17-CV-00025
                                  :
    vs.                           :
                                  :
SARAG DEES,                       :   (Judge Rambo)
                                  :
         Defendant                :
```

## MEMORANDUM

## Background

On January 4, 2017, Plaintiff Joseph A. Brown, an inmate (number 09401-007) incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a complaint pursuant to 28 U.S.C. § 1331 setting forth claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977) against Sarah Dees, a physician assistant employed at USP-Lewisburg. (Doc. 1.) Brown alleges that Dees failed to provide him with adequate medical care on January 2 and 3, 2015, for burns he sustained when he spilled scalding, hot water on his

groin.[1]  On January 13, 2017, Brown filed a motion to proceed in forma pauperis (Doc. 6) and on January 20, 2017, an authorization to have funds deducted from his prison account to pay the filing fee in installments. (Doc. 10.)  In the motion to proceed in forma pauperis Brown admitted that he had previously brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. However, Brown claims that he is in imminent danger of serious physical injury.(Doc. 6, at 2.) In support of that claim Brown merely states as follows: "Staff has deliberately refused the plaintiff medical-treatment for serious medical needs for traumatic incidents that the plaintiff has suffered on multiple occasions and because the plaintiff has a history of suffering traumatic incidents caused by chronic P.T.S.D. the medical staff will do it again and seeks injunctive relief to stop the on-going misconduct." (Id.)

---

1. Brown claims that he "accidently spilled 190° hot water on his penis, and groin areas" and Dees "refused and failed to respond to this serious medical need." (Doc. 1, at 2.)

Brown made the exact same claim, i.e., being burned with scalding water, in the case of Brown v. Sarah Dees, et al., 1:16-CV-1585 (M.D. Pa. filed July 28, 2016). That case was dismissed on December 8, 2016, under the three-strikes provision, 28 U.S.C. § 1915(g), of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996)("PLRA").[2] Brown v. Dees, 2016 WL 719235, at *3 (M.D.Pa. Dec. 8, 2016).

Brown admits that he has three strikes under 28 U.S.C. § 1915(g). Furthermore, an electronic search on PACER confirms that prior to filing the above-captioned case Brown did file 3 or more cases that were dismissed under 28 U.S.C. § 1915(e)(2) of the PLRA. Those strikes are enumerated in the memorandum issued by this court on

---

2. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

December 8, 2016, in the prior case which was dismissed under the three strikes provision. Brown v. Dees, 2016 WL 719235, at *3 (M.D.Pa. Dec. 8, 2016). The court incorporates herein by reference the facts, including the enumeration of Brown's prior cases which were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), and the reasoning set forth in the memorandum of December 8, 2016. (Id.)

On February 21, 2017, Brown filed a motion for an extension of time of 60 days to pay the filing fee. (Doc. 11.) For the reasons set forth below the court will deny the motion for extension of time and dismiss this case under the three strikes provision.

**Discussion**

The PLRA in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a

civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc).  The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 312.  Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.  The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

As stated above Brown claims that he is in "imminent" danger of serious physical injury. After reviewing Brown's complaint and the assertions regarding "imminent" danger set forth in his motion to proceed in forma pauperis, the court concludes that Brown's allegations are speculative and do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g). Clearly, at the time he filed the complaint he was not in imminent danger of serious physical injury as contemplated by the statute.

Brown is required to pay the full filing fee at the same time he files the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Brooks-Bey v. Schmerfelt, 2011 WL 1398472 (M.D.Pa. Mar. 21, 2011). Consequently, the motion for extension of time will be

denied and the complaint dismissed under the three strikes provision.

      An appropriate order will be entered.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

March 24, 2017